■ JOSEPH J. WERNER, an Infant, by His Parent and Natural Guardian, JACOB J. WERNER, et al., Appellants, v. RICHARD J. STURDIVANT et al., Respondents.— In a negligence action to recover damages for personal injuries of the infant plaintiff and for medical expenses and loss of services incurred by his father, plaintiffs appeal from an order of the Supreme Court, Suffolk County, entered September 6, 1973, which denied their motion pursuant to CPLR 3101, 3102 (subd. [a]), 3107, 3124 to compel an examination before trial of defendants and granted defendants' cross motion to vacate plaintiffs' notice for such examination, without prejudice to a renewal if and when defendant Sturdivant returns to New York or to plaintiffs' right to examine him, when physically able, by written interrogatories or by commission in Florida. Order modified by inserting; between the words "York" and "or" in the third decretal paragraph thereof, the words "or six months after entry of this order, whichever is earlier". As so modified, order affirmed, without costs. In our opinion, under the circumstances of this case, it was an improvident exercise of discretion to limit plaintiffs' right to renew their motion to compel disclosure at the place of trial, i.e., only "if and when defendant Sturdivant

returns to New York." Although it appears that Sturdivant suffered a paralyzing stroke 12 days before the adjourned date of the examination before trial, defendants' attorneys claimed merely that Sturdivant would not be able to return to this State for examination in less than six months and they agreed to produce him if he recovered sufficiently to permit travel from Florida. Accordingly, plaintiffs should have been granted a right to renew their motion after the expiration of the claimed recovery period of six months. We note that the affidavit in opposition to plaintiffs' motion and in support of defendants' cross motion was made by an attorney without personal knowledge of the facts. However, the papers reveal a sufficient excuse for this procedure in light of the fact that defendant Sturdivant had suffered a stroke, that there was little time to obtain medical affidavits from Florida before the return date of plaintiffs' motion and that there was a full explanation of the exigent circumstances and the sources of the attorney's information (see and cf. *Stepps* v. *State of New York*, 58 Misc 2d 155). If defendants seek to oppose a renewed motion by plaintiffs, an affidavit from defendant Sturdivant or from his doctors would be in order. Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.